UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDA BURTON                                               CIVIL ACTION

VERSUS

THE TRAVELERS INS. CO.,                                    NO.: 16-00417-BAJ-EWD
ET AL.,

RULING AND ORDER

Before the Court is Defendant Justin Akins's **Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4)** and a **Motion to Dismiss for Improper Venue or Alternatively Motion to Dismiss Pursuant to Section 1406 or to Transfer Pursuant to 1404 (Doc. 5)** filed by all Defendants. Defendant Justin Akins seeks to have all claims filed against him dismissed on the basis that personal jurisdiction does not exist in courts located in the State of Louisiana. (Doc. 4 at p. 1). Further, all Defendants seek to have claims against them either dismissed or transferred to another district on the ground that venue is improper in the United States District Court for the Middle District of Louisiana. (Doc. 5 at p. 1). For reasons explained fully herein, Defendant's **Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4) is DENIED** and Defendants' **Motion to Dismiss for Improper Venue or Alternatively Motion to Dismiss Pursuant to Section 1406 or to Transfer Pursuant to 1404 (Doc. 5) is GRANTED IN PART** and **DENIED IN PART**.

1

I.   BACKGROUND

This case arises from an automobile accident that occurred on January 24, 2015. (Doc. 5 at p. 2). The accident occurred on the Mississippi River Bridge, a bridge connecting Vicksburg, Mississippi to Delta, Louisiana. (Doc. 11 at p. 1). Johnny Burton, deceased husband of Plaintiff Brenda Burton, was traveling from Delta, Louisiana to Vicksburg, Mississippi when his vehicle was struck from behind by a vehicle driven by Defendant Justin Akins, an employee of Defendant Kansas City Southern Railway Company. (*Id.* at 1-2).

The claims are brought against Defendant Atkins, The Kansas City Southern Railway Co., as well as The Travelers Ins. Co., Travelers Property Cas. Corp., The Travelers Indemnity Co. ("The Travelers"). (Doc. 1 at p. 1). Justin Atkins is and was a resident of Oklahoma on the day of the accident. (Doc. 5-1, at p. 3). The Kansas City Southern Railway Co. is domiciled in Missouri and has its principle place of business in Missouri. (*Id.* at 4). It is licensed to do business in Louisiana, and its principle place of business is in Shreveport—which is situated within the United States District Court for the Western District of Louisiana ("Western District"). (*Id.*). The Travelers are part of a Connecticut insurer that also has its principle place of business in Connecticut. (*Id.*). It is licensed to do business in Louisiana, and its principle place of business in Louisiana is situated in Caddo Parish, in the confines of the Western District. (*Id.*)

The Mississippi River Bridge—on which the accident occurred—is less than 2 miles long. (Doc. 11 at p. 5). Delta, Louisiana is situated within the Western District.

While an exact location of the accident is unknown, the Court is satisfied that Plaintiff has, for purposes of the motions *sub judice*, presented prima facie evidence that the collision likely occurred in Louisiana.

Plaintiff, the wife of Decedent, filed this suit in the United States District Court for the Middle District of Louisiana. (Doc. 1). Subsequently, Defendant Atkins filed a motion to have the action dismissed for lack of personal jurisdiction, and all Defendants filed a motion to dismiss or transfer the action to the Western District or to the United States District Court for the Southern District of Mississippi, Jackson. (Doc. 5-1 at p. 9).

## II. Discussion

### A. Motion to Dismiss for Lack of Personal Jurisdiction

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). "He need not, however, establish personal jurisdiction by a preponderance of the evidence; prima facie evidence of personal jurisdiction is sufficient." *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982) (internal citation omitted). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (*quoting Bullion v. Gillespie*, 895 F.2d 213, 217

(5th Cir. 1990)). In other words, the Court must determine, in a light favorable to Plaintiff, whether personal jurisdiction exists.

"Under the Federal Rules of Civil Procedure, a federal district court in a diversity case may exercise personal jurisdiction over a defendant residing outside the state in which it sits only to the extent permitted by state law." *Wyatt v. Kaplan*, 686 F.2d 276, 279 (5th Cir. 1982). "The Louisiana long-arm statute authorizes the exercise of jurisdiction over a nonresident defendant as far as is permitted by due process." *Lancer Ins. Co. v. Patel*, 102 F. Supp. 2d 704, 707 (W.D. La. 2000) (*citing* La.Rev.Stat.Ann. § 13:3201(B)). Thus, the question here is whether the exercise of jurisdiction in the Middle District comports with due process, which only "permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).

First, Defendants have established minimum contacts with the forum state to support specific jurisdiction. "Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Wilson*, 20 F.3d at 647. "Even a single purposeful contact is sufficient to satisfy the due process requirement of 'minimum contacts' when the cause of action arises from the contact." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1172 (5th Cir. 1985). Here, the contacts with Louisiana arise from

4

Defendant Atkins act of traveling through Louisiana and, while traveling from Louisiana towards Mississippi, committing acts or omissions that allegedly led him to collide with the back of Decedent near the Louisiana border. (Doc. 11 at p. 5). Thus, the contact with the forum are directly related to the collision that forms the cause of action, and the first prong of due process is met.

Second, the exercise of jurisdiction over this case does not offend traditional notions of fair play and substantial justice. In making this determination, courts measure the following factors: "[1] whether the forum state has any special interest in exercising jurisdiction, and [2] whether the convenience of the parties favors litigating in another state." *Austin v. North American Forest Products*, 656 F.2d 1076, 1090 (5th Cir.1981). Both factors weigh in favor of recognizing that personal jurisdiction is properly exercised by courts situated in Louisiana.

As to the first factor of traditional notions of fair play and substantial justice, states have an "exceptionally strong interest in providing a forum for the redress of injuries to its residents occurring within its borders." *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1272 (5th Cir. 1983). Because Plaintiff presents prima facie evidence that the accident occurred in Louisiana and harmed Louisiana residents, this factor weighs in favor of exercising jurisdiction.

As to the second factor, the convenience of the parties does not favor litigating in another state, as the Plaintiff has presented prima facie evidence that the acts or omissions that this case arises from occurred on the Louisiana portion of the Mississippi River Bridge. (Doc. 11 at p. 1-2). Moreover, several of the fact witnesses

are located in Louisiana. (Doc. 5-1 at p. 3). Thus, convenience does not favor litigating in another state.

### B. Motion to Dismiss for Lack of Venue, or alternatively, Motion to Transfer pursuant to 1406 or 1404.

In order to determine whether dismissal or transfer is warranted, the Court must first determine whether venue is proper in this Court. Plaintiff argues that venue is warranted because of the substantial contacts that the Defendants have with this forum. (Doc. 11 at p. 2-4). Defendants contend that regardless of their contacts with the forum, venue in this Court does not comply with the relevant statute. (*See* Doc. 5-1 at p. 4-5). According to the governing statute on venue:

--A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391 (1948).

Based on the facts alleged in the complaint and pleadings of the parties, the Court concludes that venue is not proper in this court. First, no Defendant resides in the geographical area that encompasses the Middle District. Second, no party has alleged that any of the acts or omissions giving rise to the claim occurred within the

6

geographical borders of this Court, but instead, it is alleged that the actions occurred in the confines of the Western District.

The Court has been presented three ways to address the lack of venue. First is a motion that the case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. 5-1 at p. 4). Second, and in the alternative, Defendants have asked for dismissal or transfer pursuant 28 U.S.C. § 1406. (*Id.* at 8). Finally, Defendants asked that the case be transferred pursuant to 28 U.S.C. § 1404, and indicated that pursuant to that statute, the case should be transfer to the Western District, Monroe division or to the United District Court for the Southern District of Mississippi. (*Id.* at 9). Plaintiff also indicates that she would be amenable to transfer the Western District, Monroe Division. (Doc. 11 at p. 4).

The Court will start by addressing transfer under 1404, because if the case is transferred to a court with venue, then there is no need to consider dismissal. 28 U.S.C. § 1404 states that:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented

28 U.S.C. § 1404(a) (1948). Considering this statute, the Court finds that transfer to the Western District of Louisiana, Monroe Division is warranted.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. In

this case, the accident occurred on the Mississippi River Bridge, in Delta, Louisiana. (Doc. 11 at p. 5). Thus, the Western District is a place where the case could have originally been brought.

The next question is whether the party seeking transfer has demonstrated good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. This must be weighed against Plaintiff's choice of forum, which receives deference. *Id.* The following public and private factors guide courts analysis on this issue:

> The private factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d at 315 (internal citation omitted). The private factors weigh heavily in favor of transferring the case the Western District. None of the witnesses are situated in the Middle District, nor did the events, acts, or omissions relevant to the case occur in the Middle District. (Doc. 5-1 at p. 11). Further, as noted, none of the public interest factors militate against transferring the case, and in fact, "the localized interest" factor militates in favor of transferring the case to the Western District.

Section 1404(a) also gives a district court the power to transfer a case to a division to which the parties have consented. *See* 28 U.S.C. § 1404(a) (1948). The Defendants proposed the Western District, Monroe Division, and Plaintiff also

8

indicates that she "would be amenable" to transfer to the Western District, Monroe Divison. (Doc. 5-1 at p. 9; Doc. 11 at p. 1).

Therefore, pursuant to both grounds for transfer under 1404(a), the case will be transferred to the United States District Court for the Western District of Louisiana, Monroe Division. All other motions by the Defendant will be considered by that Court.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Justin Atkins's **Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss for Improper Venue or Alternatively Motion to Dismiss Pursuant to Section 1406 or to Transfer Pursuant to 1404 (Doc. 5)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that this case is hereby **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Monroe Division.

Baton Rouge, Louisiana, this 27th day of January, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

9